GANDÍA, PETICIONARIO, *v.* TEXIDOR, JUEZ DE DISTRITO, DEMANDADO, Y PORTO RICO FERTILIZER COMPANY, INTERVENTORA.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre cobro de dividendos.

No. 205.—Resuelto en diciembre 14, 1917.

ORDENES—FACULTAD DE LA CORTE PARA MODIFICARLAS.—La facultad de una corte de distrito para modificar las órdenes por ella puestas en vigor, sobre todo antes de haberse dictado sentencia final, es necesariamente plenaria, y la cuestión primordial es siempre si la orden tal como quedó finalmente favorece los intereses de la ley y la justicia.

CERTIORARI—EXAMEN DE LIBROS—DISCRECIÓN JUDICIAL.—Una orden enmendatoria de otras anteriores dictadas conforme al artículo 314 del Código de Enjuiciamiento Civil, limitando el examen por el demandante de libros de la corporación demandada en pleito sobre cobro de determinados dividendos que él alega han sido declarados a su favor en dichos libros, a los asientos hechos hasta la fecha de la radicación de la demanda, es materia dudosa de revisión por medio del recurso de *certiorari,* por tratarse más bien de una materia discrecional que de una cuestión de procedimiento tal como las define la ley de *certiorari.*

EXAMEN DE LIBROS—ASIENTOS CON POSTERIORIDAD A LA DEMANDA—PRUEBA PARA ELLOS.—Es regla que el demandante puede examinar en los libros de una sociedad mercantil u otra análoga, demandada, en que él tenía interés, los asientos hechos con posterioridad a la demanda, cuando tales hechos pueden relacionarse con los consignados en ella pero debe demostrar la necesidad o materialidad de dicho examen.

Los hechos están expresados en la opinión.
Abogado del peticionario: *Sr. José de Guzmán Benítez.*

Abogado del demandado: *Sr. Salvador Mestre, Fiscal.*

Abogados de la interventora: *Sres. Cayetano Coll y Cuchí y Eugenio Benítez Castaño.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El peticionario Pedro Gandía Córdova, demandante en un pleito seguido ante la Corte de Distrito de San Juan en cobro de determinados dividendos que él alegaba habían sido declarados a su favor en los libros de la Porto Rico Fertilizer Company, obtuvo de la Corte de Distrito de San Juan una orden para examinar los libros de la compañía, fundada en el artículo 314 del Código de Enjuiciamiento Civil. Durante la tramitación de los procedimientos no fué un sólo juez el que continuamente intervino en el caso sino que por razón de los cambios habidos fueron varios los jueces que dictaron órdenes en el mismo. Las partes en el caso hicieron varias mociones y contra-mociones, y el peticionario fué requerido para presentar un *affidavit* particularizando los libros que él deseaba examinar. Finalmente el peticionario obtuvo de la corte una orden permitiéndole examinar determinados libros que habían sido relacionados en un *affidavit* enmendado que él presentó. La orden permitiendo examinar los libros era ilimitada en cuanto a la fecha de los mismos. Después de alguna oposición por parte de la demandada, que es la verdadera parte contraria en este caso, compareció ante la corte y pidió que se modificara la orden general en el sentido de limitar el examen a los asientos hechos hasta la fecha de la demanda. Cuando esta solicitud fué hecha a la corte, el juez que finalmente había expedido la orden permitiendo un examen general había sido sustituído por el Juez Texidor, y éste accedió a la solicitud de la demandada y limitó el examen a la fecha mencionada en la demanda. Es para revisar esta última orden que la presente solicitud pidiendo un auto de *certiorari* ha sido presentada.

El peticionario alega que las órdenes hechas anteriormente por la Corte de Distrito de San Juan fijaban el derecho del peticionario a examinar los libros y que el Juez

Texidor no tenía poder ni autoridad para modificar las mismas puesto que el peticionario tenía un derecho adquirido a examinarlos. No discutiremos muy extensamente la facultad de una corte de distrito para modificar las órdenes por ella puestas en vigor, sobre todo, antes de haberse dictado sentencia final. La facultad es necesariamente plenaria, y la cuestión primordial es siempre si la orden tal como quedó finalmente, favorece los intereses de la ley y de la justicia. De paso diremos que el Fiscal General de Puerto Rico, por conducto del Fiscal de esta corte, compareció en el acto de la vista en representación del juez, que es el demandado nominal en este caso. No nos explicamos la necesidad de tal comparecencia en un pleito entre particulares, en el que no está envuelto un interés público especial.

El peticionario insiste que para los fines de probar las alegaciones de su demanda se le debió haber dado mayor amplitud en el examen de los libros y que la limitación de fechas y especialmente la limitación a la de la demanda, hacen ilusoria y de ningún valor para él la orden de examen tal como fué expedida por la corte. No vemos completamente claro, asumiendo como hemos la facultad de la corte para modificar su acción, que una orden negando o concediendo permiso para examinar libros sea materia propia de revisión por medio del *certiorari.* El solicitante pidió examinar los libros, la corte concedió el permiso finalmente con restricciones, y la acción de la corte se refería más bien a materia discrecional que a una cuestión de procedimiento, tal como las define la ley de *certiorari.*

Asumiendo, sin embargo, que tenemos la facultad necesaria, encontramos que el peticionario ni en su demanda ni en su *affidavit* demostró que era necesario o material para él examinar en los libros de la Porto Rico Fertilizer Company los asientos hechos después de la fecha de la demanda. La demanda establece que el primer reparto de dividendos tuvo lugar en junio de 1916 y que por razón de tal distribución, una suma de $8,234.06 pertenecía al peticionario y había

quedado a su disposición en la tesorería de la demandada-interventora; que más tarde la firma de Gandía & Stubbe quedó disuelta y que el peticionario vendió a Stubbe las 60 acciones que tenía en el capital social de la Porto Rico Fertilizer Company, pero que tal dividendo de $8,234.06 quedó siempre a disposición del peticionario. La demanda alega también por información y creencia del demandante que dichas 60 acciones fueron consideradas como de la propiedad de Gandía & Stubbe y retenidas por la corporación demandada a los fines de la liquidación de Gandía & Stubbe. Nada encontramos en la demanda que demuestre por qué es necesario un examen de los asientos en los libros posteriores a la fecha de la radicación de la demanda; ni tampoco aclaran este punto los procedimientos o *affidavits* habidos posteriormente. El efecto de los *affidavits* radicados por el peticionario fué únicamente especificar los libros determinados que él deseaba.

El demandante había sido Presidente de la Porto Rico Fertilizer Company y conocía y tenía interés en todos los procedimientos y en la propiedad de la corporación hasta el momento en que se retiró. No obstante, convenimos con la corte inferior en que el demandante no demostró que fuera necesario un examen en los libros de la compañía más allá de la fecha en que se radicó la demanda. Hay una ligera ambigüedad en la orden final de la corte inferior que pudiera hacer creer que tenía la idea de que un demandante nunca puede examinar en unos libros aquellos asientos que son posteriores a la fecha de la demanda. La regla es necesariamente opuesta en materia de sociedades mercantiles y otras análogas, y en cualquier caso en que el daño alegado es continuo. Creemos, sin embargo, que la corte sólo quiso decir que ni la demanda ni los procedimientos demostraban que fuera necesario un examen de los libros de la compañía más allá de la fecha de la demanda.

Visto el estado del pleito y de las cuestiones levantadas, no vemos razón alguna para modificar la orden de la corte, y por tanto el auto de *certiorari* expedido debe ser anulado.

> *Sin lugar la solicitud y anulado el manda-miento expedido.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.